UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21756-Civ-COOKE/TORRES

HOUSTON SPECIALTY
INSURANCE COMPANY,

    Plaintiff,
vs.

LA GAZZETTA, LLC and
DERON THUENEMANN,

    Defendants.
_____/

## ORDER DISMISSING CASE

THIS MATTER is before me on Defendants' Joint Motion to Dismiss Complaint for Declaratory Relief. (ECF No. 18). For the reasons outlined below, the Defendants' Motion is granted and this case is dismissed without prejudice.

## I. BACKGROUND

Plaintiff Houston Specialty Insurance Company ("HSIC") filed its Complaint in this Court, (ECF No. 1), seeking a declaratory judgment that it is has no duty to defend or indemnify its insured, La Gazzetta, LLC ("La Gazzetta"), in an ongoing state court action filed by Deron Thuenemann ("Thuenemann"). The underlying state action relates to injuries Thuenemann suffered from consuming a liquor drink prepared with liquid nitrogen at the La Gazzetta restaurant. La Gazzetta has also filed a Third Party Complaint in the state action that joins a promoter company that allegedly served the drink to Thuenemann and declares that La Gazzetta did not know nor should have known that the promoter company was using liquid nitrogen in its drinks. HSIC alleges that its insurance agreement with La Gazzetta exempts HSIC from defending or indemnifying a liquor claim involving products containing liquid nitrogen if, as the policy states, "the existence of the exposure [i.e., liquid nitrogen] is with the knowledge and consent of an insured, or if an insured should have known such exposure existed." (ECF No. 1 at 5) (quoting from HSIC's insurance policy with La Gazzetta).

1

## II. LEGAL STANDARD

The Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287 (1995). "It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir.2005) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). The Supreme Court has observed that it is "uneconomical" and "vexatious" to proceed with a federal declaratory judgment suit when a parallel state action is pending. *Brillhart*, 316 U.S. at 495. Courts may deem concurrent state and federal actions in parallel if the parties and issues involved are "sufficiently similar" in nature. *Amerisure Mut. Ins. Co. v. Plantation Key Office Park, LLLP,* No. 11-60136-CIV, 2011 WL 2436693, at *3 (S.D. Fla. June 14, 2011).

The Eleventh Circuit in *Ameritas* provided nine factors courts may use to evaluate whether to dismiss a federal declaratory action in light of an ongoing parallel state action:

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005). These factors serve as "guideposts" and are "neither absolute nor is any factor controlling." *Id.*

### III. DISCUSSION

#### A. "Sufficiently similar" cases

I find that the parties and issues pending in the state and federal actions are "sufficiently similar," such that they are parallel and the *Ameritas* factors apply. *See Amerisure Mut. Ins. Co.*, 2011 WL 2436693, at *3. Defendants are adverse parties in the underlying state court action. Plaintiff HSIC is not a formal party in the state action, though it is defending La Gazzetta under its reservation of rights. To be sure, district courts have differed on whether an insurance company must be a named party in a state action before applying the *Ameritas* factors. *Compare Amerisure Mut. Ins. Co. v. Plantation Key Office Park, LLLP*, No. 11-60136-CIV, 2011 WL 2436693, at *4 (S.D. Fla. June 14, 2011) (discussing cases barring dismissal of federal declaratory action since the insurance company was not a party in the state action), *with Penn Millers Ins. Co. v. AG-Mart Produce Inc.,* 2006 WL 2864402 (M.D. Fla. Oct. 5, 2006), *aff'd* 260 Fed. App'x 175 (11th Cir. 2007) (dismissing federal declaratory action even though insurance company was not a formal party in the state action).

More conclusive, however, is that the issues involved in both actions substantially overlap one another. The state suit includes a third-party action that will address facts at the heart of the insurance exemption in question here—whether La Gazzetta knew or should have known that liquid nitrogen was included in the drink served to Thuenemann. In addition, the primary state court action concerns La Gazzetta's liability for negligence, which may also reveal facts relevant to La Gazzetta's knowledge of the liquid nitrogen in Thuenemann's drink. Taken together, fact-finding on the state level will determine what extent, if any, HSIC is liable in the state court action.

#### B. *Ameritas* analysis

Having found the cases "sufficiently similar," I find that applying the *Ameritas* factors compel a dismissal of this federal declaratory action. Defendants' concede that *Ameritas*

factors two through five "do not mandate dismissal." (ECF No. 30 at 4). Even so, the remaining *Ameritas* factors convince me that dismissal is appropriate.

The most influential *Ameritas* factors here are numbers seven and eight. Factor seven asks "whether the underlying factual issues are important to an informed resolution of the case"; factor eight asks "whether the state trial court is in a better position to evaluate those factual issues than is the federal court." *Ameritas Variable Life Ins. Co.*, 411 F.3d 1331. The underlying state action is ongoing and the state court, with its added familiarity of the issues, is already assessing the disputed material issues at bar. What is more, "it is well-established law that the duty to indemnify the insured must be measured at the trial level; this duty is 'not determined by mere allegations but by the facts' in the underlying tort action." *Penn Millers Ins. Co.*, 2006 WL 2864402, at *1 (quoting *Traveler's Indemnity Co. v. Royal Oak Enters., Inc.*, 344 F. Supp. 2d 1358, 1368 (M.D. Fla. 2004)). Thus, a decision regarding HSIC's potential liability by this Court is premature until the state court resolves the key factual disputes in the underlying suit. *See Northland Casualty Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1361 – 62 (M.D. Fla. 2001). Though this Court could also conduct further discovery of the facts based on substantially similar evidence, the likely overlap in fact-finding between concurrent federal and state actions "doesn't exactly bode well for 'judicial economy.'" *Penn Millers Ins. Co.*, 2006 WL 2864402, at *2.

The other *Ameritas* factors buttress my conclusion. Florida substantive law applies to the underlying state action as well as HSIC's declaratory relief. Thus, the state has a strong interest in hearing this case and there is a nexus between the underlying factual and legal issues and state law (*Ameritas* factors one and nine). Further, the state court is already familiar with the facts and legal issues surrounding the case and can avoid redundant litigation efforts if it also hears HSIC's insurance coverage issues (*Ameritas* factor six).

## IV. CONCLUSION

For the reasons above, it is hereby **ORDERED and ADJUDGED** as follows:

1. Defendants' Joint Motion to Dismiss Complaint for Declaratory Relief is **GRANTED**;
2. Plaintiffs' Complaint is **DISMISSED** *without prejudice*;
3. Any pending motions are **DENIED** *as moot*; and
4. The Clerk of the Court shall **CLOSE** this case.

**DONE and ORDERED** in Chambers, Miami, Florida, this 18\ :sup:`TH` day of December 2015.

*[signature: Marcia G. Cooke]*

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*